IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ISADORE LEAVITT,

       Plaintiff,

vs.

IRONSHORE, INC.,

       Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ISADORE LEAVITT ("Isadore" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, IRONSHORE INC. ("Defendant") and in support thereof states the following:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking a declaration of the rights, duties and liabilities of the parties under a policy of insurance issued by Defendant to Margate Health Care Center relating to the policy amount covering Plaintiff's claim. This action includes a claim for attorney's fees and costs.

2. The amount is controversy is over Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

3. Plaintiff is and, at all times mentioned herein, was a resident of Broward County.

4. Defendant is, and at all times mentioned herein was a Delaware corporation doing business in Florida.

5. At all times material, Defendant provided insurance coverage to Margate Health Care Center, an adult assisted living facility (hereinafter "the assisted living facility" or "Margate") in Broward County, Florida.

6. The Court has jurisdiction to hear this matter pursuant to 28 USC § 1332 because citizenship of Ironshore is diverse from Plaintiff and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

7. On April 30, 2012, Plaintiff sent notice of intent to file a complaint against Margate, Defendant's insured, and requested a copy of Defendant's Insurance Policy pursuant to Fla. Stat. § 627.4137.

8. Included in the intent to file a complaint was a copy of the complaint which outlined how Plaintiff was injured. In short, Plaintiff was brutally attacked by another resident of the nursing home causing him serious injuries. See Exhibit "A."

9. In addition to negligent nursing, the complaint also alleged general negligence and negligent security for among other things, "failing to provide adequate security."

10. Plaintiff received a copy of the relevant policy in a letter dated June 12, 2012, a copy of which is attached hereto as Exhibit "B."

11. In the abovementioned letter, Defendant asserted the policy limits for Plaintiff's claim are $75,000.

12. The attached policy explicitly states that in addition to $75,000 for Professional Liability, the coverage limits for General Liability are $1,000,000.

13. Defendant has given no basis for its assertion that the policy limits on Plaintiff's general negligence claims are $75,000.

14. A dispute exists between the parties as to what the exact coverage limits are on Plaintiff's personal injury negligence claim.

## COUNT I-DECLARATORY JUDGMENT

Plaintiff, Isadore Leavitt, incorporates herein by reference paragraphs 1 through 14.

15. Defendant issued an insurance policy covering Margate Health Care Center, for the policy period December 04, 2011 to December 04, 2012.

16. The policy contained the following stated coverage limits:

   a. **Professional Liability**
      i. Each Claim Limit of Liability: $75,000

   b. **General Liability**
      i. Each Claim Limit of Liability: $1,000,000

17. Under the **Claims Made Professional Liability Insurance** section, the policy explains that Professional Liability covers all claims for a **Professional Services Wrongful Act**.

18. The policy defines a **Professional Services Wrongful Act** as "an actual or alleged act, error or omission, or series of acts, errors or omissions, by an insured in rendering, or failing to render, **Professional Services**.

19. **Professional Services** are defined in the policy as follows:

      a. Medical Services

      b. The activities of an insured as a member of a formal accreditation, standards review or similar professional board or committee, including executing the directives of such board or committee; or

      c. Reviewing the quality of Medical Services or providing quality assurance on behalf of the Named Insured.

20. In short, Professional Liability encompasses liability for medical services only. Plaintiff's complaint includes claims for negligence and negligent security. Negligent security is not a medical service.

21. Under the **Claims Made General Liability Insurance** section, the policy explains that **General Liability** covers any claims alleging "bodily injury, property damage, advertising injury or personal injury."

22. Plaintiff put Margate on notice of intent to file a Complaint in a pre-suit notice letter dated April 30, 2012.

23. The Complaint attached to the above mentioned letter contained counts of negligence, negligent security, and Deprivation of the assisted living facilities' resident bill of rights under Florida Statutes, Chapter 429.

24. Negligence and negligent security are not in any way related to **Medical Services**, pursuant to the policy, and thus are not covered under the **Professional Liability** section of the policy.

25.     Because Plaintiff is alleging negligence and negligent security as a direct result of suffering grievous personal injury, his claim's applicable policy limits are the **General Liability** policy limits, or $1,000,000.

26.     Defendant has stated its position that the policy limits for Plaintiff's claims are only $75,000 on several occasions as his claims fall under those of Professional Services and not General Liability.  See Exhibit "C."  As such, a bona fide, actual, present, practical need for declaration exist.

WHEREFORE, for all the above reasons, Plaintiff, Isadore Leavitt, respectfully requests that this Honorable Court issue its Order and Judgment declaring that:

1.     Plaintiff's claims of personal injury resulting from negligence and negligent security fall under General, not Professional Liability.

2.     Based on the policy provisions, Plaintiff's coverage limits for his claims under the policy issued by Defendant are $1,000,000.

3.     Plaintiff is entitled to an award of attorney fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial with regards to all claims.

DATED this 18th day of June, 2012.

>Respectfully submitted,
>
>**KOCH PARAFINCZUK & WOLF**
>Attorneys for Plaintiffs
>110 E. Broward Boulevard, Suite 1630
>Fort Lauderdale, FL 33301
>Telephone:   (954) 462-6700
>Facsimile:     (954) 462-6567
>
>By: s/Marcus J. Susen
>      Marcus J. Susen, Esq.
>      Fla. Bar No. 70789

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Jon R. Wallace, 413 Woodland Drive, Milford, DE 19963

            <u>Marcus J. Susen, Esq.</u>
            MARCUS J. SUSEN
            Fla. Bar No. 70789